IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SHANER, DU-9569,        )
      Petitioner,        )
                         )
          v.        )        2:13-cv-1332
                         )
THERESA DELBALSO, et al.,        )
      Respondents.        )

MEMORANDUM and ORDER

Mitchell, M.J.,

      Robert Shaner, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

      Shaner is presently serving a six to twenty year sentence imposed following his conviction upon a plea of guilty to charges of attempt to commit rape, criminal attempt to commit involuntary deviate sexual intercourse, robbery and unlawful restraint at No. CP-26-CR-1046-1997 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on December 4, 1998.[1]

      However, this is not Shaner's first challenge to this sentence. He previously filed a challenge in this Court at 2:10-cv-859 where we addressed his challenges to these same convictions and on August 9, 2010, concluded that his petitioner had procedurally defaulted and was not entitled to relief here. The petition was dismissed and a certificate of appealability was denied. No appeal was pursued. Shaner filed a second habeas corpus attacking this conviction which was docketed at 2:11-cv-1188. That petition was transferred to the Court of Appeals for consideration as a second petition and on November 2, 2011 Shaner requested that his petition be withdrawn from further consideration and his request was granted.[2] The present petition challenging the same conviction and alleging an unlawful conviction due to mis-identification,

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Court of Appeals Docket No. 11-3925.

entrapment, miscarriage of justice and ineffective assistance of counsel was executed on September 18, 2013.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 24th day of September, 2013, for the reasons set forth in the foregoing

Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals

for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge